UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHALANE RILEY, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZEUS NETWORKS, LLC,<br><br>Defendant. | ) | C.A. No.: 1:24-CV-13120GAO |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**
**(Leave to File granted on April 7, 2025)**

Pursuant to Local Rule 7.1(b)(3), Defendant, Zeus Networks, LLC ("Defendant" or "Zeus") respectfully submits this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff's Opposition relies on case law that is easily distinguishable from the facts contained in the record, incorrectly relies on allegations asserted in the Complaint, and includes case law from other jurisdictions that are in direct conflict with the precedent set forth in the First Circuit. Defendant incorporates by reference its Motion and Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons discussed in those documents and this Reply, Plaintiff's lawsuit should be dismissed.

## I. ARGUMENT

Plaintiff's Opposition and Complaint fails to establish the necessary requirements for personal jurisdiction under the Massachusetts Long-Arm Statute and the Due Process Clause of the United States Constitution for multiple reasons. First, the two cases Plaintiff relies upon in her Opposition are easily distinguishable from the case at hand and as such, should not be considered

as persuasive. Second, Plaintiff has not provided any admissible evidence to support her assertions regarding advertisements and Zeus' revenues related to advertisement. Moreover, the majority of Plaintiff's Opposition cites cases from other jurisdictions that directly contradict the precent set in the First Circuit. Simply, Plaintiff's Opposition cites her allegations in the Complaint and mistakenly relies upon non-persuasive facts, which has repeatedly been discouraged in the First Circuit. Lastly, jurisdictional discovery is not necessary in this matter for the Court to determine personal jurisdiction.

**A. Plaintiff's Opposition Fails to Satisfy Personal Jurisdiction Under the Long- Arm Statute.**

Plaintiff's Opposition, at the very least, provides clarity on which of the Massachusetts Long-Arm Statute Plaintiff is claiming to satisfy personal jurisdiction, M.G.L. c. 223A, § 3(a) and 3(d). For both M.G.L. c. 223A, § 3(a) and 3(d), Plaintiff fails to provide any admissible evidence to satisfy these specific grounds.

*i. M.G.L. c. 223A, § 3(a)*

Plaintiff's Opposition fails to establish the requirements to satisfy M.G.L. c. 223A, § 3(a) for several reasons. First, the First Circuit Courts have repeatedly determined that the Defendant's awareness of the location of the Plaintiff is not, on its own, enough to create personal jurisdiction over a defendant. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008). Plaintiff's repeated assertions in the Opposition of Defendant's knowledge of the Plaintiff's use of the Defendant's services is not enough to create personal jurisdiction as the First Circuit requires more than pure knowledge. Second, Plaintiff's citing of the allegations in the Complaint, with nothing more, is not enough to support her allegations that the transaction occurred in Massachusetts to satisfy the Massachusetts Long-Arm Statute. *See Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 257 (1st Cir. 2022) (explaining that under the prima facie approach to personal jurisdiction, the plaintiff "may

not rely on the mere allegations of [his] complaint, but must point to specific facts in the record that support those allegations."). Moreover, Plaintiff mistakenly argues that the cause of action in this matter, i.e. the violation of the VPPA, occurred in Massachusetts. Plaintiff argues that because she used the Defendant's App in Massachusetts, that is where Zeus alleged disclosed the information to Vimeo. This is incorrect. The alleged disclosure, if it occurred, did not occur in Massachusetts but between Zeus' servers and Vimeo's servers, neither of which are located in Massachusetts. Plaintiff's Opposition does not include any evidence or support in the record to create personal jurisdiction under M.G.L. c. 223A, § 3(a).

*ii. M.G.L. c. 223A, § 3(d).*

Plaintiff's argument for personal jurisdiction under M.G.L. c. 223A, § 3(d) is equally unavailing. Plaintiff relies on *Rancourt v. Meredith Corp*., to support her argument that M.G.L. c. 223A, § 3(d) is satisfied in this matter. No. 22-CV-10696-ADB, 2024 WL 381344, (D. Mass. Feb. 1, 2024). However, *Rancourt* is easily distinguishable from the case at hand, enough so that this Court should not be persuaded by its ruling. The Defendant in *Rancourt*, Meridith, had significantly more contacts with Massachusetts than Zeus does in this instant matter.

First, Meridith was registered to do business in Massachusetts for over 30 years and had a registered agent within the Commonwealth, both of which the Court cited as evidence to favor personal jurisdiction. *Id*. at fn. 10. Second, Meridith's revenue generated from the App in *Rancourt* exclusively came from online advertisements run on the App and it used the tracking information from the App to better tailor its advertisements. *Id*. at *2. This is vastly different from the case at hand, where Zeus does not generate any money from advertisements, nor do they advertise at all. *See Exhibit 2*, at ¶ 8 and 9. Defendant's only revenue from the App is from their subscriptions. *Id*. at ¶ 15. Additionally, Meredith ran around 66 million advertisements in Massachusetts through the

two year period. *Rancourt*, 2024 WL at *2. Again, the is very distinguishable from the case at hand where none of the Defendant's activities directly target the Commonwealth. *See Exhibit 2*, at ¶ 8 and 9.

Without the allegations contained in the Complaint, Plaintiff cannot point to any further connection with Massachusetts than the mere availability of the Defendant's App in the Commonwealth, and as such, Defendant's Motion to Dismiss should be granted.

**B. Plaintiff has Similarly Failed to Establish Personal Jurisdiction Under the Due Process Clause.**

Plaintiff's support for its assertion that its Complaint satisfies the Due Process Clause similarly fails to establish personal jurisdiction for several reasons.

*i. Purposeful Availment*

Plaintiff's argument that Defendant purposefully availed itself in Massachusetts does not satisfy the requirements under the Due Process Clause. First, Plaintiff's reliance of *Keeton v. Hustler Mag., Inc.*, is mistaken, unpersuasive, and easily distinguishable from the case at hand. 682 F.2d 33, 33 (1st Cir. 1982), *rev'd and remanded*, 465 U.S. 770 (1984).

The Defendant in *Keeton*, Hustler Magazine, was a publishing company who intentionally published and distributed magazines into New Hampshire for the purposes of serving New Hampshire residents. *Id*. Further, the underlying claim in *Keeton* was for defamation related to an article published in the magazine, that was then distributed to New Hampshire and read by customers in New Hampshire. *Id.* The facts of this instant case is vastly different from the *Keeton* matter and should be analyzed accordingly. Here, the Defendant does nothing in its business model to specifically target Massachusetts and there is nothing in the record to support a claim of such intentional activities. *See Exhibit 2*, at ¶ 8 and 9. Further, unlike in *Keeton*, Plaintiff's claim

that Defendant illegally disclosed information to Vimeo is not related to Defendant's contacts in Massachusetts. Therefore, Plaintiff's reliance on *Keeton* is misplaced and unpersuasive.

Plaintiff attempts to weaken Defendant's Motion by claiming that a Defendant's intent in their contacts with Massachusetts is not a "*per se* requirement" when determining personal jurisdiction. Plaintiff's Opposition, at pg. 8. This too would be incorrect under First Circuit law. *See Hannon v. Beard*, 524 F.3d 275, 284 (1st Cir. 2008); *Bluetarp Fin., Inc. v. Matrix Const. Co.,* 709 F.3d 72, 75 (1st Cir. 2013); *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 555 (1st Cir. 2011); *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008); *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 9 (1st Cir. 2018). It is clear in this jurisdiction that more than the App's availability in Massachusetts is needed to satisfy the purposeful availment prong of the Due Process Clause.

As stated above, all of the allegations in Plaintiff's Opposition that asserts Defendant's use of the information and its intention to target Massachusetts are mistakenly derived from the Complaint and contradicted by the Norman Declaration. *See Exhibit 2.* The Declaration makes clear that the Defendant does not target nor advertise in Massachusetts. *Id*. at ¶ 8 and 9. Plaintiff cannot point to anything on the record to state otherwise and as such, her Opposition fails.

Plaintiff also attempts to argue that because Defendant knew that its Apps were being used in Massachusetts, this satisfies the purposeful availment requirement of the Due Process Clause. Again, Plaintiff's argument fails as it is well established that in this jurisdiction, personal jurisdiction requires more that Defendant's mere knowledge of its services availability in Massachusetts. *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 61 (1st Cir. 2016); *see also Phillips*, 530 F.3d at 28-29 (finding no purposeful availment even when defendant knew plaintiff resided in forum, mailed contract there, and followed up by e-mail).

*ii. Relatedness*

Plaintiff also cannot provide this Court with any evidence or case law to support its assertion that the underlying claim is related to its Massachusetts contacts. Again, Plaintiff's assertion that by disclosing Plaintiff's information to Vimeo, Defendant "monetized its viewership" is not only false (as Plaintiff cites the Complaint for support), but again, does not relate to how Massachusetts specifically is related to the Defendant's alleged disclosure of information to Vimeo.

Plaintiff does not allege that Vimeo is a Massachusetts based company, nor does she allege that Vimeo is registered to do business in Massachusetts. Plaintiff relies on the facts of the Complaint and citing out of circuit cases to support her Opposition. As such, the Defendant's Motion to Dismiss should be granted.

*iii. Gestalt Factors*

Moreover, Plaintiff's analysis of the *Gestalt* factors similarly fails to satisfy the requirements under the Due Process Clause. For the most part, Plaintiff uses conclusory statements related to Defendant's activities in the Commonwealth, some of which are direct disputed by the Norman Declaration, to support her Opposition. These unsupported conclusions do not satisfy Due Process. Secondly, Plaintiff has misread Defendant's Motion when it conceded that Massachusetts would be the most convenient and effective relief <u>for the Plaintiff</u>, pursuant to the third factor. *See* Defendant's Memorandum of Law in Support of its Motion to Dismiss, pg. 15 (stating "Zeus does not dispute that Massachusetts would provide the most convenient and effective relief" for the Plaintiff.). Plaintiff misinterprets this to mean that Defendant concedes to the fourth factor, which is not at all the case. As stated in the Defendant's Memorandum of Law, the fourth element also points to dismissal, as the resolution of this matter in Massachusetts would not be in the judicial

system's interest in obtaining the most effective resolution of the controversy Zeus does not intend or actively do business in Massachusetts. *Id*. In short, the *Gestalt* factors do not favor the exercise of personal jurisdiction over the Defendant and Plaintiff has failed to establish otherwise through her Opposition.

**C. Jurisdictional Discovery is Unnecessary and Prejudicial to the Defendant.**

Jurisdiction Discovery is unnecessary in this matter, would cost the Defendant both money and time, and would therefore be prejudicial under the circumstances. Plaintiff's Opposition claims that the Defendant only gave revenue and subscriber information for a time period of two months. This is false and easily disputed by the Norman Declaration. *See Exhibit 2,* at ¶ 15 and 16. As seen in the Declaration, the Defendant provided the information for the year of 2024, the year the Complaint was filed. *Id*. Further, there is no requirement under 18 U.S.C. §2710(c)(3) to provide two years worth of information, as asserted by the Plaintiff.[1] Accordingly, the Norman Declaration provided adequate information regarding its contacts in Massachusetts to determine personal jurisdiction.

Additionally, Plaintiff's claim that the Declaration is a red herring that leaves various unknowns about its advertising revenue earned from Massachusetts is also misleading. The Declaration makes clear that the Defendant does not target or intentionally solicit business or advertise in Massachusetts, i.e. it does not advertise to nor target users in Massachusetts. *See Exhibit 2*, at ¶ 8. Plaintiff's allegation that Defendant does not provide its revenue from Defendant's disclosure of the "PII to a third party so it could target Massachusetts users with advertisements," does not make any sense as earlier explained, Defendant does not target

[1] 18 U.S.C. §2710(c)(3) provides the two-year statute of limitations for civil actions brought related to violations of the VPPA.

Massachusetts users with advertisements so it cannot receive revenue from such activity. There is nothing that the Plaintiff can point to that is missing from the Declaration and as such, jurisdictional discovery is not necessary to determine personal jurisdiction in this matter. Defendant should not have to endure the time and expense of jurisdictional discovery where these motion papers clearly demonstrate that this Court lacks jurisdiction over it.

WHEREFORE, for all the reasons set forth herein and in its Motion to Dismiss, Defendant Zeus Networks, LLC respectfully requests that this Honorable Court GRANT its Motion and Dismiss all of Plaintiff's claims against it.

Respectfully submitted,
**ZEUS NETWORKS, LLC**

By its attorneys,

*/s/ Kip J. Adams*
Kip J. Adams, BBO #664860
Kip.Adams@lewisbrisbois.com
Hannah E. Harty, BBO #704000
Hannah.Harty@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
60 State Street, 23rd Floor
Boston, MA 02109
P: 857-313-3950
F: 857-313-3951

DATED: April 7, 2025

**CERTIFICATE OF SERVICE**

I, Kip J. Adams, do hereby certify that on this 7th day of April, 2025, I caused a true and correct copy of the foregoing document to be served through the Court's CM/ECF Service.

*/s/ Kip J. Adams*
Kip J. Adams