UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-13120-GAO

CHALANE RILEY, individually and on behalf of all others similarly situated,
Plaintiff,

v.

ZEUS NETWORKS, LLC,
Defendant.

OPINION AND ORDER
September 30, 2025

O'TOOLE, D.J.

This putative class action arises from the defendant Zeus Networks' alleged violations of the Video Privacy Protection Act, 18 U.S.C. § 2710. Pending before the Court is the defendant's motion to dismiss for lack of personal jurisdiction.

## I.    Factual Allegations

According to the complaint, Zeus Networks, LLC, a Delaware-based limited liability company, is a subscription-based video-on-demand streaming service that creates its own pre-recorded shows. Zeus offers "original premium subscription video programming generated by" social media influencers and has a "global audience of over 100 million people." (Compl. ¶ 13.) To access the content, a user must register for an account and pay subscription fees. Subscribers then can watch Zeus content through their accounts on either mobile applications or on its website (the "Zeus Network Service" or "the service").

The service uses Vimeo OTT for hosting its content, as well as for advertising and analytics purposes. It integrates into its website and app the Vimeo application programming interface ("API"), software that permits companies to open up their applications' data and functionality to

developers and other parties. The plaintiff contends that Zeus violates the VPPA by disclosing information characterized by the plaintiff as personally identifiable information ("PII"), including a record of every video viewed by the user, the user's email address, and the user's identification number, to unrelated third parties, including Vimeo via the Vimeo API. Various tools on the Vimeo API then permit the defendant to analyze user data, launch marketing campaigns, and target specific users or specific groups of users to receive certain content to help it monetize the Zeus Network Service and maximize revenue to retain and expand its paying user base.

In or around 2023, Chalene Riley, a Massachusetts resident, downloaded and installed the defendant's app onto her phone, created an account, and purchased a subscription. From 2023 until the present, she regularly watched videos on the website and on her cell phone through the app. She claims that every time she viewed a pre-recorded video on the service, Zeus disclosed to Vimeo her email address, user ID, and video-viewing information, including the video ID of the video she watched. Vimeo in turn compiled her information and activity on the service, which Zeus used for marketing, advertising, and analytics purposes.

## **II.    Discussion**

At issue is personal jurisdiction. To establish personal jurisdiction, a plaintiff must satisfy both the forum State's long-arm statute and due process. The burden of proving personal jurisdiction rests with the plaintiff, the party seeking to invoke that jurisdiction. See Rosenthal v. Bloomingdales.com, LLC, 101 F.4th 90, 94 (1st Cir. 2024). Under the prima facie approach, the plaintiff must proffer "evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." Id. (quoting Kuan Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 54 (1st Cir. 2020)). The plaintiff must "go beyond the pleadings and make affirmative proof." United Elec. Radio & Mach. Workers of Am. (UE) v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993).

The court "mine[s] the relevant facts from 'the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts.'" Rosenthal, 101 F.4th at 94 (quoting Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016)).

For the exercise of personal jurisdiction to comport with due process, a defendant must have "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Knox v. MetalForming, Inc., 914 F.3d 685, 690 (1st Cir. 2019) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The constitutional "inquiry is highly 'fact-specific.'" Id. (quoting PREP Tours, Inc. v. Am. Youth Soccer Org., 913 F.3d 11, 17–18 (1st Cir. 2019)).

The plaintiff asserts specific jurisdiction over the defendant, which includes three components: relatedness, purposeful availment, and reasonableness The plaintiffs must demonstrate that (1) its claim arises out of or relates to the defendant's forum activities; (2) the defendant's forum contacts represent a purposeful availment of the privilege of conducting activities in the forum, thus invoking the benefits and protections of the forum's laws and rendering the defendant's involuntary presence in the forum's courts foreseeable; and (3) the exercise of jurisdiction is reasonable. Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 7 (1st Cir. 2018). "When, as here, the contacts in question are related to a website that is available in the forum but that is operated outside of it, the Court's focus should begin with the purposeful availment prong." Frawley v. Nexstar Media Grp., Inc., No. 1:23-CV-10384-AK, 2023 WL 6065768, at *5 (D. Mass. Sept. 18, 2023).

The plaintiff bears the burden of demonstrating that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Knox, 914 F.3d at 691 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). This purposeful availment inquiry "focus[es] on the defendant's intentionality" and rests on two cornerstones: voluntariness and foreseeability. Rosenthal, 101 F.4th at 96 (quoting A Corp v. All American Plumbing, Inc., 812 F.3d 54, 60 (1st Cir. 2016)). "Achieving voluntariness demands that the defendant's contacts with the forum result proximately from its own actions," id. (quoting Chen, 956 F.3d at 59), and not on the unilateral actions of another party. "Achieving foreseeability, meanwhile, demands that 'the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.'" Id. (quoting Chen, 956 F.3d at 59).

In recent years, the First Circuit has made clear that the mere availability of a website in a particular forum—without "something more"—is insufficient, as "such a rule would eviscerate the limits on personal jurisdiction over out-of-state defendants." Cossaboon v. Maine Med. Ctr, 600 F.3d 25, 35 (1st Cir. 2010). As a general matter, defendants like Zeus can anticipate that it would obtain subscribers from Massachusetts—like any other State—but this "broad and generic degree of foreseeability is insufficient, standing alone, to rise to the level of purposeful availment." See Chen, 956 F.3d at 60. The First Circuit has explained that the "something more" could be demonstrated by showing that the website either (1) "specifically targets the forum" or (2) "has resulted in the defendant's knowing receipt of substantial revenue from forum residents." Id. at 60; see also Rancourt v. Meredith Corp., No. 22-CV-10696-ADB, 2024 WL 381344, at *8 (D. Mass. Feb. 1, 2024); Egan v. X-Mode Soc., Inc., No. 23-CV-11651-DJC, 2024 WL 2701967, at

4

*6 (D. Mass. May 24, 2024); Rich v. Meta Platforms, Inc., No. CV 21-11956-FDS, 2023 WL 8355932, at *8 (D. Mass. Dec. 1, 2023).

Here, first, there is no indication that the defendant targeted Massachusetts specifically as opposed to other potential forums. The products are available to anyone with internet access and/or a smartphone, and the mere availability of the defendant's website and app is insufficient. The interaction with the plaintiff was based on the plaintiff's unilateral decision to access the defendant's services. Her PII was not disclosed because the defendant deliberately targeted the forum, but because the plaintiff herself downloaded and used the defendant's app. There is no indication in the plaintiff's complaint that Delaware-based Zeus has any actual business presence in the state, such as a physical location or employees,[1] or that it advertises specifically in Massachusetts, solicits customers here, or operates in any way that would distinguish Massachusetts from any other forum.

Second, the plaintiff has failed to establish the defendant's knowing receipt of substantial revenue from Massachusetts residents. There are no specific allegations that the defendant knowingly received substantial revenue from Massachusetts subscribers, nor that it engaged in a regular course of sales in the forum. It is the plaintiff's burden to proffer evidence sufficing to show facts essential to personal jurisdiction, and its failure to proffer information on this front is fatal to her claim. See, e.g., Egan, 2024 WL 2701967, at *6.

On this record, the plaintiff has not shown that the defendant purposefully availed itself of the privilege of conducting business in Massachusetts in the necessary sense. There is not, therefore, a sufficient basis to satisfy the minimum requirements for the exercise of jurisdiction to

---

[1] Indeed, the defendant's response includes a declaration that it does not. See Chen, 956 F.3d at 56 (taking into account the defendant's undisputed jurisdictional facts).

comport with due process. To the contrary, finding in the plaintiff's favor would risk "eviscerate[ing] the limits on personal jurisdiction" on out-of-state defendants like Zeus. The defendant's motion to dismiss for lack of jurisdiction is consequently allowed.[2]

### III.   Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED and the complaint is dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[2] Because the plaintiff has failed to demonstrate that the constitutional standard is met, the Court need not address long-arm statute. See e.g., Egan, 2024 WL 2701967, at *4 (bypassing long-arm analysis post-SCVNGR, Inc. v. Punchh, Inc., 85 N.E.3d 50, 56 (Mass. 2017)); Connoisseurs Productions Corp., No. 23-CV-11649-AK, 2025 WL 786660, at *6 (D. Mass. Mar. 12, 2025) (citing cases).